# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| DAVID NAKHID, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 19-cv-03268 (APM) |
| AMERICAN UNIVERSITY, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Defendant American University seeks dismissal of Plaintiff David Nakhid's Complaint, which alleges employment discrimination based on race, ethnicity, and national origin. *See* Br. in Support of Def.'s Mot. to Dismiss, ECF No. 7-1 [hereinafter Def.'s Br.]. Plaintiff brings claims under Title VII of the Civil Rights Act and 42 U.S.C. § 1981. *See* Compl., ECF No. 1 [hereinafter Compl.], at ¶¶ 21–28.

To satisfy the pleading standard of Federal Rule of Civil Procedure 8(a), a plaintiff asserting a claim of discrimination need only allege facts that "give[ ] [the defendant] fair notice of the basis for [the plaintiff's] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). In *Swierkiewicz*, the Supreme Court held that a complaint alleging national origin and age discrimination satisfied the notice pleading requirement where the plaintiff had "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Id.* In light of *Swierkiewicz*, "courts in this Circuit have consistently recognized the ease with which a plaintiff

claiming employment discrimination can survive a motion to dismiss." *Fennell v. AARP*, 770 F. Supp. 2d 118, 127 (D.D.C. 2011) (cleaned up).

Plaintiff readily satisfies the Rule 8(a) standard, as articulated in *Swierkiewicz*. Plaintiff asserts that Defendant discriminated against him by hiring a white candidate, Zach Samol, with inferior qualifications to be the university's mens' soccer coach. Compl. ¶¶ 15–16. To support his claim, Plaintiff details the disparity between his credentials and Samol's. Plaintiff describes his success as an international professional player, his prior international head coaching experience, and his European-class licensing. *Id.* ¶¶ 8–13. Samol, on the other hand, Plaintiff avers, never played professionally, never served as a head coach, and possesses an inferior license. *Id.* ¶ 16. Furthermore, Plaintiff alleges that, although "[a] few African Americans made it to the initial round of interviews[,][ ] none made it to subsequent rounds." *Id.* ¶ 18. Plaintiff identifies another African-American candidate, Clint Peay, who Plaintiff contends possessed greater qualifications than Samol. *Id.* Finally, Plaintiff contends that the "entire administrative staff of [the university's] athletic department is comprised of white individuals," *id.* ¶ 20, and that the university as a whole has faced challenges in diversifying its student body, faculty, and staff, *id.* ¶ 19. These allegations, taken as true, provide the kind of "detailed [] events" that give rise to plausible claims of discrimination under *Swierkiewicz*.

Defendant argues that Plaintiff's "Complaint fails to state a claim because he has not alleged that he was qualified for the position," relative to the requirements set forth in the university's published job posting. Def.'s Br. at 6. Quoting from the job posting, Defendant asserts that Plaintiff was not qualified because "he has not alleged any experience coaching . . . 'at the collegiate or professional level,' working within 'NCAA and Patriot League regulations,' or working with 'male college student-athletes.'" *Id.* (quoting Def.'s Br., Ex. 1, ECF No. 7-3

2

[hereinafter Ex. 1], at 2).[1] But Defendant understates Plaintiff's proffered experience and mischaracterizes the job posting's requirements. Contrary to what Defendant contends, Plaintiff *does* have professional-level coaching experience. Compl. ¶ 11 ("[Plaintiff] has served as the Head Coach of several professional clubs internationally."). Moreover, the job posting did not require actual work experience with "NCAA and Patriot League regulations" or "male college college student-athletes," but rather the "*ability* to work within NCAA and Patriot League regulations" and the "*[a]bility* to work successfully with male college student-athletes." Ex. 1 at 2 (emphasis added). Plaintiff's experience in coaching and training young athletes supports such "ability." *See* Compl. ¶ 10 (alleging that Plaintiff founded a youth training camp that, among other things, "prepares [youth soccer players] for collegiate play in the Untied States").

Defendant also contends that, even if "one assumes that [Plaintiff] has alleged that he was minimally qualified for the position, he has not alleged any facts demonstrating that he was 'significantly more qualified' for the job than Samol." Def.'s Br. at 6. To be sure, the D.C. Circuit has held that "[i]n order to justify an inference of discrimination, the qualifications gap must be great enough to be inherently indicative of discrimination." *Jackson v. Gonzales*, 496 F.3d 703, 707 (D.C. Cir. 2007). However, assuming the Complaint's allegations to be true and drawing all inferences in favor of Plaintiff, he meets this threshold. Plaintiff claims that, in sharp contrast to his own qualifications, *see* Compl. ¶¶ 8–13, Samol had no head coaching experience domestically or abroad, had never played professionally, and possessed an inferior license, *id.* ¶ 16. Such allegations, at this stage, are sufficient to defeat a motion to dismiss.[2]

---

[1] Although the parties dispute whether the court can consider the job posting at the motion-to-dismiss stage, *see* Def.'s Br. at 2 & n. 2; Pl.'s Opp'n to Def.'s Br. at 4–5, the court elects to do so as Plaintiff has made his qualifications for the coaching position central to his complaint, *see EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

[2] Defendant asserts in the background section of its brief that Plaintiff "does not allege that he holds any USSF or NCSAA license." Def.'s Mot. at 3. But Defendant did not *require* either of those licenses for the position. Rather, the job posting stated that possessing "NCSAA and/or USSF coaching licenses" was only "preferred." Ex. 1 at 2

Finally, Defendant urges dismissal, because Plaintiff "does not even allege that any decisionmaker *knew* his race." Def.'s Br. at 7. But such an allegation, even if required, can easily be inferred from the fact that Plaintiff was inducted into the university's Hall of Fame and "is widely recognized as one of the most prominent players to have played soccer with the University." Compl. ¶ 8. Thus, it is not merely plausible, but likely, that the persons who declined to hire Plaintiff knew of Plaintiff and his race.

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 7, is denied.

Dated: March 23, 2020

Amit P. Mehta
United States District Court Judge

---

(distinguishing between "required" and "preferred" qualifications). In any event, Plaintiff's allegation that his European license is superior to Samol's United States license bolsters his claim of discrimination. Compl. ¶¶ 13, 16.