UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID NAKHID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-03268 (APM) |
| ) | |
| AMERICAN UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ORDER

Having reviewed (1) Defendant's Bill of Costs, ECF No. 35; (2) Plaintiff's Objections to Defendant's Bill of Costs, ECF No. 38; and (3) Defendant's Reply in Support of Taxation of Certain Items Included in its Bill of Costs, ECF No. 40, the court rules as follows:

1. *Preparation of Exhibits Used in Rule 30(b)(6) Depositions ($823.79)*. Other than the general allowance of taxing fees for the "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," 28 U.S.C. § 1920(4), the court has located no authority that would permit taxing costs for copying exhibits for deposition preparation. Costs recoverable for copying of exhibits in this District are generally limited to "those exhibits which are introduced into evidence, are used for impeachment, or are filed with the Clerk." LCvR 54(d)(8). Plaintiff's objection to this line item is therefore sustained.

2. *Service of Subpoenas Duces Tecum ($763.80)*. The court has not identified any authority that would permit taxing costs for service of discovery-related subpoenas duces tecum. Local Civil Rule 54 authorizes taxing of costs associated with serving the summons and complaint, LCvR 54(d)(2), and serving a witness for testimony "at a deposition, hearing or trial,"

LCvR 54(d)(11), but is silent as to subpoenas duces tecum. The court therefore declines to award costs for those services.

       3.     *Document Production Costs ($1,130.65).* Defendant seeks costs related to copying and production of document discovery. The court will tax the costs incurred for the Seventh Document Production ($37.84) and Second Document Production ($827.98) pursuant to 28 U.S.C. § 1920(4). *See Herron v. Fannie Mae*, 292 F. Supp. 3d 421, 424–25 (D.D.C. 2018) (holding that "§ 1920(4) includes the creation of electronic copies"). The court also agrees that the copying of the First Document Production for use by Defendant's counsel is properly taxable under Local Civil Rule 54(d)(9) (allowing "[o]ther costs of copying up to $300").

       4.     *Transcript Fees ($121).* The additional costs incurred to obtain transcripts of remotely taken Rule 30(b)(6) depositions are taxable. *See* LCvR 54(d)(6).

       5.     *Cost of remote deposition of Plaintiff ($889.00).* Finally, it is appropriate to tax the costs associated with Plaintiff's remote deposition. *See In re Greater Se. Cmty. Hosp. Corp. I*, Bankruptcy No. 02-cv-02250, 2012 WL 1414841, at *4 (Bankr. D.D.C. Apr. 23, 2012) (holding that court reporter's attendance fee was taxable as a component of the transcript fee).

Accordingly, the court awards costs to Defendant as follows:

| | | |
|---|---|---|
| 1. | Deposition transcripts: | $4,110.35[1] |
| 2. | Document production costs: | $1,130.65 |
| 3. | Additional transcript fees: | $ 121.00 |
| 4. | Costs of Plaintiff's remote deposition: | $ 889.00 |
| 5. | Total taxable costs: | $6,251,00 |

---

[1] Plaintiff did not object to taxing these costs.

Dated: November 14, 2022

Amit P. Mehta
United States District Court Judge